IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE RISK

| | |
|---|---|
| BARBARA JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SAFEWAY, INC., d.b.a. | ) |
| CARRS/SAFEWAY, or | ) |
| CARRS QUALITY CENTER, | ) |
| | ) |
| Defendant. | ) |

AUG 07 2007

MANAGEMENT

COPY

Original Received

MAY 17 2007

Clerk of the Trial Courts

## COMPLAINT

COMES NOW the plaintiff, Barbara James, by and through her attorney Cris W. Rogers, and for her Complaint against the defendant, alleges as follows:

1. Plaintiff is a resident of Sitka, Alaska. At the time of the acts and omissions complained of herein the plaintiff was a resident of Anchorage, Alaska.

2. Based upon information and belief, the defendant Safeway, Inc., Carrs/Safeway, or Carrs Quality Center (hereinafter "CARRS"), is, and at all times relevant to this action was, a corporation authorized under the laws of the State of Alaska, to do business in Alaska as a retail store selling to members of the general public at is branch stores.

3. At all times relevant to this action, CARRS Quality Center (and its employees acting on the store's behalf, and within the scope of their employment), located in Anchorage, Alaska, was in some manner responsible for the acts and or omissions and damages and injuries as alleged in this Complaint.

4. This court has jurisdiction over the parties and venue is proper.

## Common Allegations

5. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 4 above.

/ OFFICE OF
 W. ROGERS
Denali St.
11-B
rage, AK 99503
565-5663 tel
565-5684 fax

**Complaint**                             Page 1 of 3



EXHIBIT

Page ___ of ___

6. On or about May 20, 2005, the plaintiff entered the Carrs Quality Center, located in the Sears Mall, at 600 E. Northern Lights Blvd., Anchorage, Alaska, to purchase food items.  The plaintiff while walking down an aisle where customers are invited to shop, near the rotisserie, fell on the floor's slippery surface and sustained severe physical injury, including but not limited to her hip, hand and back.

## Count I Negligence

7. The plaintiff incorporates by reference the allegations set forth in paragraphs 1 though 6 above.

8. At the time of the plaintiff's fall, the defendant CARRS knew or should have known that the area of the aisle where the plaintiff fell was not safe and constituted a dangerous condition with an unreasonable risk of harm to CARRS customers and the plaintiff in particular. Further, the defendant CARRS knew or should have known that the customers it invited to its stores would be unaware of the dangerous condition presented by the slippery floor near the rotisserie.

9. The defendant CARRS negligently failed to take steps to either make the condition safe or warn the plaintiff and others of the dangerous condition, all of which caused the plaintiff to slip and fall in the aisle where customers were invited to shop and suffer injuries and damages herein described.

10. As a direct and proximate result of the above described fall, the plaintiff suffered injuries of a personal and pecuniary nature, including but not limited to, lost wages, reasonable and necessary medical expenses, pain, suffering, inconvenience, emotional trauma, including permanent partial disability and other damages, the exact categories and amounts to be determined at the time of trial.

11. In addition to the aforementioned injuries, the plaintiff will continue to suffer physical injury, loss of enjoyment of life, out-of-pocket expenses, and other economic and non-economic losses, the exact amounts to be determined at the time of trial.

**WHEREFORE**, the plaintiff prays for the following relief:

1.      Judgment against the defendant for its negligent acts and omissions;

2.      Judgment against the defendant for all past and future medical costs reasonably and necessarily incurred, and for lost wages and other economic damages, the exact

V OFFICE OF
S W. ROGERS
Denali St.
711-B
iorage, AK 99503
565-5663 tel
565-5684 fax

EXHIBIT

categories and amounts to be determined at trial;

3.   Judgment against the defendant for non-economic damages, including but not limited to, past and future pain and suffering, mental anxiety, inconvenience, loss of quality of life, permanent partial disability and other non-economic damages the exact categories and amounts to be determined at trial;

4.   For allowable costs, interest, and attorney fees; and

5.   For such other and further relief the court deems just and proper under the circumstances.

DATED at Anchorage, Alaska this 16th day of May 2007.

LAW OFFICE OF CRIS W. ROGERS
Attorneys for Plaintiff

By: _____

Cris W. Rogers
Bar No. 9411121

' OFFICE OF
: W. ROGERS
Denali St.
11-B
orage, AK 99503
565-5663 tel
565-5684 fax

**Complaint**                              Page 3 of 3

